## TRIAL AND PUNISHMENT OF POLICEMEN.

Common Pleas Court of Cuyahoga County.

THE STATE OF OHIO EX REL, JOSEPH FINDING, v. FRED KOHLER, HY. D. WRIGHT, H. L. DAVIS AND JOHN VANEK.

Decided, March, 1911.

*Municipal Corporations—Control of Police Department—Trial and Punishment of Police Officers—Sections 4379, 4380 as Amended, 4372 and 4382.*

The power to try and to punish officers and employes of the police department is exclusively given under the Ohio statutes to the director of public safety, who has no authority to confer this power upon another, and the chief of police is therefore without power to try and punish police officers.

*Frank F. Gentsch,* for plaintiff.
*Newton D. Baker,* contra.

ESTEP, J.

The plaintiff in his petition claims that he is a member of the police force of the city of Cleveland; that on the 27th day of January, 1911, the defendant, Fred Kohler, as chief of the police force of the city of Cleveland, without warrant of law and in violation of the mandatory provisions of Sections 4379 and 4380 of the General Code of Ohio, usurped the power to try the relator and render final judgment against him for violations of certain alleged rules of the police department. It is further claimed that, in pursuance of said usurpation of power, the said Fred Kohler, chief of police as aforesaid, suspended the relator from duty without pay, and fined him his next three vacation days; that the said Kohler refused to comply with the provisions of Section 4380, General Code, as amended in 101 Ohio Laws, page 291, which required him to certify the fact of such suspension, with the cause therefor, to the director of public safety of the city of Cleveland, who, within five days from the receipt thereof, is enjoined to inquire into the cause of such suspension by the said chief of police.

The petition, after further recitals, sets out that the action of the said Kohler, in undertaking to try the relator on charges and rendering final judgment therein, was void and of no legal effect; and the plaintiff prays for a peremptory writ of mandamus to issue to the said Kohler, requiring him to forthwith certify to the director of public safety of the city of Cleveland, in writing, the cause of such suspension, and until the further order of this court the said Kohler, John Vanek, H. L. Davis and Hy. D. Wright, as chief of police, secretary of the police department, city treasurer, and city auditor, respectively, be restrained from deducting any amount of the pay due relator as an officer of the police department of the city of Cleveland, and for such other relief as may be proper in the premises.

At the time of the filing of the petition an alternative writ of mandamus was issued and a restraining order was granted as prayed for. The writ was made returnable on February 6, 1911.

The defendant, Kohler, filed his answer herein, and after admitting that he temporarily suspended the relator for eight days without pay, and that the pay of relator would amount to proximately $24, and that the defendants would deduct this amount from relator's pay, denies each and every other allegation contained in the petition.

The defendant says that, in temporarily suspending the said relator without pay, he acted under rule 12 of the rules formulated and adopted by the director of public safety, providing for the regulation and discipline of the police department. He says that, pursuant to said rule, he punished said relator for a breach of discipline of said department, committed by said relator, of a minor character; that he examined into said breach of discipline and imposed the penalty set out in the petition, but denies that he suspended relator, and did not find him guilty of such a breach of discipline as required his suspension and certificate for trial in the mode and manner prescribed by the statutes.

A hearing was had upon the pleadings, and the questions of law arising therefrom were argued to the court.

No evidence was introduced tending to show the nature of the charges preferred against the relator, and upon which he was tried and punished by the chief.

It is contended by the defendant, Kohler, that the relator was not suspended as provided by Section 4379. It is admitted, however, that the relator was temporarily suspended for eight days without pay.

The real question presented under the pleadings is, whether or not the chief of police, under the law, has the right to try and punish any police officer for any cause.

The law prior to the enactment of Section 4368, as now contained in the General Code, constituted the chief of police the executive head of the police department. Section 4368, above referred to, provides that, under the direction of the mayor, the director of public safety shall be the executive head of the police and fire departments. It further provides that he shall have all powers and duties connected with and incident to the appointment, regulation and government of these departments, except as otherwise provided by law.

Section 4379 of the General Code provides that the chief of the police department shall have the exclusive right to suspend any of the deputies, officers or employes in his department, and under his management and control, for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given him by the proper authority, or for *any other reasonable and just cause.*

Section 4380 of the General Code, as amended in 101 Ohio Laws 297, provides that if any such employe is suspended as provided in Section 4379, the chief of police forwith in writing shall certify such fact, together with the cause for such suspension, to the director of public saftey, who, within five days from the receipt thereof, shall proceed to inquire into the cause of such suspension and render judgment thereon; which judgment, if the charge be sustained, may be either suspension, reduction in rank, or dismissal from the department; and such judgment shall be final except as otherwise provided in this subdivision.

In order to have a thorough and complete investigation, this section further provides that the director of public safety shall have the power to administer oaths and to secure the attendance of witnesses and the production of books and papers.

Section 4505 of the General Code, as amended in 101 Ohio Laws, 297, gives the right to any person, reduced in rank or dismissed from the department by the director of public safety, to appeal from the decision of such officer to the civil service commission, where such proceedings shall be had as are provided in said section.

It will be observed, from what I have stated, that the director of public safety, being the executive head of the police department, is given full power to try any police officer for incompetency, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given by the proper authority, or for *any other reasonable and just cause.* This last ground would seem to cover any breach of discipline or infraction of the rules of the department.

It will also be observed that, in order that a full and complete trial of charges may be had, the director of public safety is invested with the power to administer oaths, and to secure the attendance of witnesses and the production of books and papers.

The defendant, however, claims that, under Section 4382 of the General Code, the director of public safety having conferred upon him the power to make all rules for the regulation and discipline of the department, has among other rules, established rule 12, which is set forth in the answer of the defendant, Kohler. This rule provides that if the chief does not suspend an officer or patrolman as provided by Section 4379 of the General Code, he may impose a fine, not exceeding $25, or the loss of a certain stipulated number of days pay, in amount not exceeding $25, or deprive of furlough or vacation days, or suspend temporarily from duty, or reprimand any of said officers or patrolmen for all the things mentioned in Section 4379 of the General Code, with the additional cause, to-wit, ''for the violation of any rule of the department,'' which in my opinion is fully covered by the last clause in Section 4379 of the General Code, which provides for charges based· on ''any other or reasonable and just cause.''

The authority ,of the chief of police, in so far as the statutes confer authority upon him is as follows:·

Section 4372, General Code, provides that the chief of police shall have the exclusive control of· the stationing· and transfer

of all patrolmen and other officers and employes in the department, under such general rules and regulations as the director of public safety prescribes.

Section 4379, in giving him control of the conduct of officers and patrolmen under him, provides, as I have already stated, that he has the exclusive right to suspend for the causes therein specified; and the following section provides for the certification of such suspension by him to the director of public safety for trial, etc.

Nowhere in the statutes have I been able to find any provision investing the chief of police with the power to try and punish officers or employes in the police department.

This power is fully given by the Legislature to the director of public safety. This power being one of a *quasi*-judicial nature, and requiring in its exercise discretion and judgment, I think it will not be seriously contended that he can confer it on another. *Kelly* v. *Cincinnati,* 7 N. P., 361; *23 Encyclopedia of Law,* 365, and case cited.

While Section 4382, General Code, gives the director of public safety the right to make all rules for the regulation and discipline of the departments, it does not provide that the chief of police shall try those who violate the rules. The plain inference would be, in my opinion, that the executive head of the department would try all offenders, the violation, however, being brought to him by the chief of police, after he has exercised his exclusive authority of suspension.

I am, therefore, of the opinion that rule 12, in so far as it undertakes to give the chief of police the power to punish police officers for the causes therein mentioned, is invalid, for the reasons that:

1. The power of trial and the right to punish is exclusively given to the director of public safety.

2. The director of public safety has no right to confer that power upon another.

I am in hearty accord with the belief that the chief of police should, to a certain extent, be clothed with the power to try and punish patrolmen for breaches of discipline of a minor character. I am of the opinion that a strict discipline is essential to the wel-

fare of the department. The Legislature, however, has seen fit to make the director of publc safety the executive head of the department, and has clothed him with full authority to try all offenders for the offenses enumerated in Section 4379 of the General Code, which also includes "any other reasonable and just cause." The chief of police has full authority, under Section 4379, General Code, to maintain discipline in the department, by suspending any officer for the causes therein enumerated, "and for any other reasonable and just cause." It may be urged that this procedure is too lengthy and complicated, and that the chief should have the power to deal swiftly with minor offenders. The Legislature, in my opinion, has seen fit to take this power from him, and has vested all power of enforcing discipline in the executive head of the department, in the director of public safety. I can only say, as was said by Judge Summers in the case of *State* v. *Baldwin*, 77 O. S., 552:

"This method seems to have been evolved from experience. But the wisdom of it or the effectiveness of it is not a matter for our consideration. We have only to determine what the Legislature in its wisdom has prescribed."

The chief of police under Section 4379, General Code, has the initiative. The director of public safety can not begin a proceeding against an officer of the police department for any of the causes specified in that statute, but obtains his jurisdiction to try and determine charges by reason of the certification provided for in 4380, General Code. So that, in its last analysis, the chief of police, by the power of suspension, conferred upon him by law, may present any offender against the rules and regulations of the department to the executive head of the department for trial, he being the one fully clothed with all the power of a judicial tribunal to conduct such a proceeding.

I have already stated that I am not prepared to say, under the pleadings, that there was such suspension under Section 4379 of the General Code as entitled the relator to the certification provided by Section 4380 of the General Code. Being in doubt as to this, I will refuse the peremptory writ of mandamus. I am, however, of the opinion that the penalty imposed upon the relator was without legal authority and absolutely void; and I

will, therefore, permanently enjoin the defendants from deducting any amount from the pay due the relator as an officer of the police department of the city of Cleveland, as asked in his petition.